1
2
3 Adam E. Deitz, WSBA No. 55965
4 Mariner Law, PLLC
406 South 1st Street #300
5 Mount Vernon, WA 98273
Telephone: (360) 399-2788
6 Fax: (360) 395-3332
7 Email: adam@marinerlaw.com

8 Charles F. Herd, *pro hac vice pending*
9 Herd Law Firm, PLLC
19500 Tomball Parkway #250
10 Houston, TX 77070
Telephone: (713) 955-3699
11 Fax: (281) 462-5180
12 Email: charles.herd@herdlawfirm.com

13        Attorneys for Plaintiff
14
15
16
17
18                UNITED STATES DISTRICT COURT

19      WESTERN DISTRICT OF WASHINGTON AT SEATTLE

20 IHOR LEVYTSKY,                          | AT LAW AND IN ADMIRALTY
21          Plaintiff,
22                                          |
23      v.                                  | Case No.:
24 MEDITERRANEAN SHIPPING CO., MSC          |
SHIPMANGEMENT, LTD., BALTIC                 | **SEAMAN'S COMPLAINT FOR**
25 EAST SHIPPING, LTD., and M/V MSC         | **PERSONAL INJURIES,**
26 SHRISTI (IMO 9293442), *in rem*.         | **MAINTENANCE, AND CURE**
27          Defendants.                     | **JURY DEMAND**
28

SEAMAN'S COMPLAINT AND JURY DEMAND
CASE NO.:
PAGE - 1

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT
SECURITY AND PREPAYMENT OF COSTS
(28 U.S.C. §1916)**

Plaintiff Ihor Levytsky, through undersigned counsel, alleges the following causes of action against Defendants.

## GENERAL ALLEGATIONS

1.      Plaintiff is a seaman and brings this action pursuant to the provisions of 28 U.S.C. § 1916 without prepayment of fees and costs and without deposit of security therefor.

2.      This action is brought under the admiralty and maritime law as modified by the Jones Act, 46 U.S.C. § 30104.  This District Court has jurisdiction pursuant to 46 U.S.C. § 30104, 28 U.S.C. § 1331, and 28 U.S.C. § 1332.

3.      At all relevant times, Plaintiff resides in the Ukraine and is a Ukrainian citizen.

4.      Defendants, Mediterranean Shipping Co. ("Mediterranean Shipping"), MSC Shipmanagement, LTD. ("MSC Shipmanagement"), and Baltic East Shipping, LTD. "Baltic East"), are foreign corporations doing business within Washington State.

5.      At all relevant times mentioned herein, M/V MSC SHRISTI ("Vessel"), IMO 9293442, was a containership operating upon the navigable waters of the United States, the high seas, and in the territorial waters of Washington State.

6.      At all times mentioned herein, specifically including in or about October 2021, Defendants employed Plaintiff as a Jones Act seaman and member of the crew in the service of M/V MSC SHRISTI.

7.      Plaintiff alleges upon information and belief that at all times mentioned herein Defendants owned, chartered, manned, operated, provisioned, maintained and/or controlled the Vessel and her crew.

8.      Plaintiff was working as an engineer on the Vessel at the time of the subject incident and injuries. The Vessel was traveling from Manzanillo, Philippines, to the west coast of Canada, and was traveling northward along the west coast of the United States. On or about October 26, 2021, while working aboard the Vessel, Plaintiff suffered a stroke and Plaintiff's health worsened rapidly. Plaintiff suffered from severe headaches, high blood pressure, high pulses, and poor vision. Defendants were aware of Plaintiff's medical condition and failed to provide Plaintiff with proper medical treatment within a reasonable amount of time. It was not until November 10, 2021, some thirty-five (35) days after Plaintiff suffered the stroke and began to have other serious health problems, that Defendants provided medical treatment. On or about November 11, 2021, Defendants finally transferred Plaintiff to the Eye Associates NorthWest, PC, located in Seattle, Washington, where Plaintiff was primarily diagnosed with optic neuropathy and recommended for MRIs of orbits and the brain, to be performed within the next few weeks. However, those MRIs and other needed tests were not performed or provided to Plaintiff.

SEAMAN'S COMPLAINT AND JURY DEMAND
CASE NO.:
PAGE - 3

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington  98273
(360) 399-2788 -  Fax (360) 395-3332

9.     Instead, on or about November 30, 2021, Defendants sent Plaintiff home to continue his medical treatment. Plaintiff was later diagnosed with an ischemic stroke, with hemorrhagic transformation recurrent by atherothrombotic type in the right ZMA basin, left-sided homonymous hemianopsia. This is a profound and disabling medical condition.

### FIRST CLAIM:
### JONES ACT NEGLIGENCE

10.     Plaintiff hereby realleges and incorporates paragraphs 1-9.

11.     On or about October 26, 2021, Plaintiff suffered a stroke while aboard Defendants' Vessel and required immediate medical care. Defendants failed to provide prompt and appropriate medical care, choosing instead to wait until the Vessel reached the port in Seattle, Washington (almost all the way to Canada), **some thirty-five (35) days after Plaintiff suffered the stroke**, before sending Plaintiff ashore for urgent medical care. Plaintiff was seriously injured, and his injuries seriously worsened, as a result of Defendants' negligence in the following particulars:

  a.     Failing to quickly assess Plaintiff's medical condition and provide medical treatment to Plaintiff within a reasonable amount of time;

  b.     Failing to engage proper medical care (such as "tele-health" or similar medical provider) ashore, so as to determine urgently what medical care was needed;

  c.     Failing to make proper and prompt arrangements to get Plaintiff ashore at the first opportunity, such as the first available port;

SEAMAN'S COMPLAINT AND JURY DEMAND
CASE NO.:
PAGE - 4

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington  98273
(360) 399-2788 - Fax (360) 395-3332

d.      Failing to deviate the Vessel's voyage, as to get Plaintiff to a medical care sooner;

e.      Choosing to bypass ports along the west coast of the United States, including San Diego, Los Angeles and San Francisco, California, where Plaintiff could have received proper medical care, sooner;

f.      Failing to have or provide competent medical care, and properly trained medical offices on board, who could provide proper and prompt medical care to Plaintiff;

g.      Causing, allowing and permitting the said Vessel and her appurtenances to be operated in such a manner as to unreasonably endanger Plaintiff's safety;

h.      Failing to provide a seaworthy vessel and a safe method of operation;

i.      Failing to provide Plaintiff a safe place in which to work and by failing to provide a culture of safety;

j.      Failing to provide sufficient and competent officers and co-employees; and

g.      Engaging in other acts and omissions to be discovered.

12.     As a result of the Defendants' negligence, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause

SEAMAN'S COMPLAINT AND JURY DEMAND
CASE NO.:
PAGE - 5

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington  98273
(360) 399-2788 -  Fax (360) 395-3332

Plaintiff great mental, physical, and nervous pain and suffering, and Plaintiff alleges upon information and belief that said injuries will result in some permanent disability to Plaintiff, all to his general damage according to proof.

13.     As a further result of Defendants' negligence, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that he may require such services in the future.  The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

14.     As a further result of said incidents, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays leave to insert the elements of damage in this respect when the same are finally determined.

### SECOND CLAIM:
### UNSEAWORTHINESS

15.     Plaintiff hereby realleges and incorporates paragraphs 1-14.

16.     M/V MSC SHRISTI was unseaworthy in that, among other things:

      a.     Causing, allowing, and permitting the vessel and her appurtenances to be in dangerous, defective and hazardous condition;

      b.     Failing to have a proper medicine chest and related medical/testing supplies aboard;

SEAMAN'S COMPLAINT AND JURY DEMAND
CASE NO.:
PAGE - 6

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington  98273
(360) 399-2788 - Fax (360) 395-3332

c.      Failing to provide proper remote healthcare (such as "tele-health" or similar medical provider);

d.      Failing to provide adequate officers and crew, who know how to handle medical emergencies aboard the Vessel;

e.      Failing to train the Ship's officers and crew, so they know how to provide urgent, proper and timely medical care to seaman-employees such as Plaintiff;

f.      Failing to have emergency medical provisions, including a network of shoreside medical providers, in place, to which they could transfer Plaintiff for the urgent medical care he needed;

g.      Causing, allowing and permitting the said Vessel and her appurtenances to be operated in such a manner as to unreasonably endanger Plaintiff's safety;

h.      failing to provide a seaworthy vessel and a safe method of operation;

i.      failing to provide sufficient and competent officers and co-employees;

j.      other unseaworthy conditions to be discovered.

17.     As a result of the aforementioned unseaworthiness, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering, and

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington 98273
(360) 399-2788 - Fax (360) 395-3332

Plaintiff alleges upon information and belief that said injuries will result in some permanent disability to Plaintiff, all to his general damage according to proof.

18. As a further result of the aforementioned unseaworthiness, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that he may require such services in the future. The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

19. As a further result of the aforementioned unseaworthiness, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays leave to insert the elements of damage in this respect when the same are finally determined.

### THIRD CLAIM:
### MAINTENANCE & CURE

20. Plaintiff hereby realleges and incorporates paragraphs 1-19.

21. Plaintiff sustained and/or exhibited injuries while aboard the Vessel.

22. Pursuant to the General Maritime Law, Plaintiff is entitled to recover maintenance and cure from Defendants until Plaintiff reaches the point of maximum medical cure. Such past and future maintenance and cure include, among other things, sick wages, lodging expenses, food, beverages, living expenses, travel expenses to and

SEAMAN'S COMPLAINT AND JURY DEMAND
CASE NO.:
PAGE - 8

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington 98273
(360) 399-2788 - Fax (360) 395-3332

from healthcare providers, the cost of medical care and treatment, therapy, medication, surgery, rehabilitation, mental counseling and other medical expenses.

23.     To date, Defendants have failed to provide the proper and timely medical treatment and related care and expenses that Plaintiff has required and/or has denied or delayed the timely provision or payment of same, and/or has paid or will pay such Maintenance and Cure benefits untimely or in an insufficient amount. As a result of Defendants' failure to provide or pay and/or delay in timely providing and/or paying the full amount of Maintenance and Cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

24.     Defendants purposefully refused to promptly and properly arrange for and pay such medical cure despite its knowledge that such is required by law and necessary for the support and medical treatment of Plaintiff.   Defendants failed to meet their maintenance and cure obligations, in the following respects, by:

> a.     Failing to take seriously Plaintiff's reported symptoms;
>
> b.     Failing to properly and adequately diagnose Plaintiff's medical condition;
>
> c.     Failing to prescribe appropriate medication and therapy to Plaintiff;
>
> d.     Failing to promptly and properly schedule Plaintiff with appropriate medical care and treatment;
>
> e.     Failing to refer Plaintiff ashore promptly for medical evaluation, including appropriate diagnostic tests and procedures;

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington  98273
(360) 399-2788 -  Fax (360) 395-3332

f.    Failing to provide Plaintiff with prompt, full and complete medical care and treatment;

g.    Failing to promptly arrange and pay required medical care and treatment when such medical assistance was medically necessary and directly related to the serious injuries suffered and/or exhibited by Plaintiff while in service of the Vessel;

h.    Failing to timely arrange for appropriate diagnostic tests;

i.    Hiring or retaining incompetent crew who used unsafe medical practices in response to Plaintiff's reported symptoms;

j.    Ignoring and/or unreasonably delaying in responding to Plaintiff's attempts to obtain the prompt and adequate maintenance and cure to which Plaintiff is legally entitled to;

k.    Engaging in a pattern of systematic delay, avoidance, and denial designed and intended by Defendants to demoralize, intimidate and defeat Plaintiff from obtaining Plaintiff's basic maintenance and cure obligations;

l.    Other acts of fault and negligence and wrongdoing which will be proven at the time of trial.

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington  98273
(360) 399-2788 - Fax (360) 395-3332

25.     Defendants' failure to pay Plaintiff's maintenance and cure was willful, arbitrary, capricious, in violation of law, and in complete and total disregard of Plaintiff's right as a seaman.

26.     As a direct and proximate result of Defendant's breach of the foregoing legal duties, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions, and medical expenses.  These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

27.     Plaintiff would further show that Defendants, considered, but made the intentional decision, NOT to provide Plaintiff with any Maintenance and Cure benefits beginning at the time of his injuries, even though Defendants knew that Plaintiff's injuries and medical conditions arose while he was doing his work while aboard the Vessel. Defendants' unjustified refusal or denial of (or failure to provide) timely, full and proper Maintenance and Cure benefits, was or is not only unreasonable, but was and is arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award for attorneys' fees and punitive damages for which he now sues, in addition to all other relief sought.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.     For his general damages according to proof;

**Mariner Law, PLLC**
406 South 1st Street
Mount Vernon, Washington  98273
(360) 399-2788 -  Fax (360) 395-3332

2.      For all expenses for health care providers according to proof;

3.      For all loss of income past and future according to proof;

4.      For maintenance, cure, and unearned wages according to proof;

5.      For reasonable attorneys' fees and expenses;

6.      For punitive damages according to General Maritime Law;

7.      For prejudgment interest according to General Maritime Law;

8.      For Plaintiff's costs of suit incurred herein; and

9.      For such other and further relief as this Honorable Court deems just and fair.

DATED this 22nd day of March, 2024.

MARINER LAW, PLLC

_____

Adam E. Deitz, WSBA No. 55965
406 South 1st Street #300
Mount Vernon, WA 98273
Telephone: (360) 399-2788
Fax: (360) 395-3332
Email: adam@marinerlaw.com

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues in this cause so triable.

SEAMAN'S COMPLAINT AND JURY DEMAND
CASE NO.:
PAGE - 12