UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IHOR LEVYTSKY,

  Plaintiff,

  v.

MEDITERRANEAN SHIPPING CO., MSC SHIPMANAGEMENT, LTD., BALTIC EAST SHIPPING, LTD., and M/V MSC SHRISTI (IMO 9293442), *in rem*,

  Defendants.

IN ADMIRALTY
Case No. 2:24-cv-00396-RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

## I.   INTRODUCTION

This matter comes before the Court on Mediterranean Shipping Co., MSC Shipmanagement, Ltd., Baltic East Shipping, Ltd., and M/V MSC Shristi (the "Vessel"), *in rem* (collectively, "Defendants")' Motion to Dismiss Plaintiff's Complaint. Dkt. #6. The Court finds it can rule on the Motion without the need for oral argument and that the bulk of the case rests on a dispositive issue of law, namely, whether dismissal is appropriate under the doctrine of forum non conveniens. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

ORDER - 1

## II. BACKGROUND

On or about October 26, 2021, Plaintiff Ihor Levytsky was allegedly injured while working as an engineer on the Vessel. At the time, the Vessel was traveling from Manzanillo, Philippines, to the west coast of Canada, and was traveling northward along the west coast of the United States. Dkt. #1, at 3. Besides suffering what appeared to be a stroke, Plaintiff experienced severe headaches, high blood pressure, high pulses, and poor vision. *Id*. Some thirty-five days after the alleged injury, on or about November 11, 2021, Defendants decided to disembark in Seattle, Washington so Plaintiff could receive medical treatment. Mr. Levytsky was examined at Eye Associates Northwest, PC, diagnosed with optic neuropathy, and recommended for MRIs to be performed within the next few weeks. *Id*. On or about November 30, 2021, Defendants sent Plaintiff back to Ukraine, where he resides, to continue his medical treatment. Plaintiff was later diagnosed with an ischemic stroke, with hemorrhagic transformation recurrent by atherothrombotic type in the right ZMA basin, left-sided homonymous hemianopsia[1]. *Id*. at 4. Based on the above, Plaintiff alleges that Defendants failed to provide prompt and appropriate medical care, seriously worsening his injuries. *Id*. at 4-5.

## III. DISCUSSION

**A. Legal Standard**

Under the doctrine of forum non conveniens ("FNC"), a federal district court may dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy. *Sinochem Int'l Co. Ltd v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 425 (2007). District courts "[have] discretion to respond at once to a defendant's [FNC]

---

[1] It is the Court's understanding that this kind of stroke involves bleeding of the brain or in the space between the brain and its outer covering layer. Hemorrhagic Stroke: What It Is, Causes, Symptoms & Treatment (clevelandclinic.org)

ORDER - 2

plea, and need not take up first any other threshold objection . . . [such as resolving] whether it has authority to adjudicate the cause . . . or personal jurisdiction over the defendant if it determines that . . . a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Id*. It is important to note that the common-law doctrine of FNC is applied by federal courts "only in cases where the alternative forum is abroad." *Id* at 430 (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 449 (1994)). "A party moving to dismiss on grounds of [FNC] must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (quoting *Lockman Found v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1990)). Private interest factors include: "(1) access to sources of proof; (2) the availability of witnesses; and (3) enforceability of a judgment." *Reply S.P.A. v. Sensoria, Inc.*, No. C19-0450-JCC, 2019 WL 3428572, *7 (W.D. Wash. 2019). Public interest factors that courts must consider are:

> (1) whether the trial will involve multiple sets of laws;
> (2) selecting juries who may have a connection to the case;
> (3) local interest in having local disputes heard at home; and
> (4) in diversity cases, having the trial in a forum that is at home with the state law that must govern the case.

*Id*.

Lastly, a defendant invoking the doctrine of FNC "bears a heavy burden in opposing the plaintiff's chosen forum." *Id* at 430. However, when the plaintiff's choice is a forum abroad, "the presumption in the plaintiff's favor 'applies with less force,' [for such a forum is deemed] 'less reasonable.'" *Id*. (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)).

**B. Analysis**

ORDER - 3

Plaintiff's only alleged contact with the Western District of Washington occurred on or about November 11, 2021, when the Vessel disembarked in Seattle, Washington so that he could seek medical care.  Dkt. #1 at 3.  After receiving said medical care, on or about November 30, 2021, Mr. Levytsky went back to his home country of Ukraine to continue his medical treatment.  *Id*. at 4.  In addition to this, Plaintiff signed a valid employment agreement with MSC Shipmanagement, stating that "[t]he Terms & Conditions of his [e]mployment are governed by National Law of Country of Seafarer's *official residence* and in case of *any* claims or dispute the competent court shall be the Seafarer's Country of official residence."  Dkt. #8 at 3 (emphasis added).  In cases "[where] the Court is presented with a valid forum selection clause between the parties, the [FNC] analysis is altered . . . the Court will deem the private factors to weigh entirely in favor of dismissal and will only consider public interest factors weighing against dismissal."  *Reply S.P.A. v. Sensoria, Inc*., 2019 WL 3428572, *7 (W.D. Wash. 2019).  Here, the contract agreement between Plaintiff and MSC Management expressly states that Ukraine, Mr. Levytsky's country of residence, shall be the competent forum for any claims between them and Ukrainian law will control.  Dkt. #8, at 3.  Consequently, the Court will only address whether Ukraine is an adequate alternative forum and whether public interest factors favor dismissal.

In *Autobidmaster LLC v. Martyshenko*, the court considered whether Ukraine was a proper alternative forum for purposes of an FNC analysis involving a forum selection clause.  2021 WL 1907792, *1 (W.D. Wash. 2021).  There, the forum clause at issue included Kiev, Ukraine as a proper forum in which to bring any claims arising between the parties.  *Id*.  Ultimately, the court ruled that Ukraine was a proper alternative forum given that the defendants were citizens of Ukraine, thus amenable to process there, and because the plaintiff did not contest that Ukraine offered a satisfactory remedy.  *Id*.  Here, the dispute is between a Ukrainian plaintiff

ORDER - 4

and three defendants that are formed under the laws of Liberia, Cyprus, and Libya, where they are also headquartered. Dkt. #6 at 17. Additionally, the three defendants claim that they are amenable to process in the jurisdiction of Ukraine and Cyprus. *Id*. at 14. Based on this and the fact that the only contact between the parties and the Western District of Washington occurred by happenstance, the Court rules that Ukraine is a proper alternative forum in which Mr. Levytksy can bring his claims.

      Moving on to the public interest factors that must be considered, the Court will address each in turn. Starting with the set of laws governing the proceedings, given that the employment agreement expressly requires that the laws of Ukraine be controlling in any claims arising between the parties, this factor favors dismissal because the courts in Ukraine are better suited to address the issues presented by the case. *See* Dkt. #8 at 3. Regarding the implications that jury duty would have on the potential jurors of this District, given that the contact between the parties and the District are minimal, potential jurors would have no relation to this dispute, and "jury duty…ought to not be imposed upon the people of a community which has no relation to the litigation." *In re Air Crash Disaster near Bombay India*, 531 F. Supp. 1175, 1176 (W.D. Wash. 1982) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). Thus, this second factor also favors dismissal. Moving on to the local interest in having local disputes heard at home, and for the reasons stated above, the Western District of Washington has no "identifiable local interest in the controversy," such as "ensuring the welfare of the residents[]," nor does it have any discernable interest in the outcome of this matter. Thus, given that either Ukraine or Cyprus has a greater interest in the outcome of this dispute, this third factor favors dismissal. The court will not address the fourth public interest factor, since it deals exclusively with diversity cases. In

ORDER - 5

sum, the Court finds that private and public interest factors favor dismissal and either Ukraine or Cyprus as the proper, more convenient forum.

## IV.    CONCLUSION

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #6, is GRANTED IN PART and DENIED IN PART.  Defendants' Motion to Dismiss for Forum Non Conveniens is GRANTED.  Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) is DENIED as moot.

DATED this 22nd day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6